FILED
2006 Aug-17 PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PROTECTIVE LIFE INSURANCE COMPANY,** } | |
| } | |
| Plaintiff, } | |
| } | **Case No.: 2:04-CV-0698-RDP** |
| v. } | |
| } | |
| **COSS DEVELOPMENT CORPORATION,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is before the court on COSS Development Corporation's ("COSS") Motion for Partial Summary Judgment (Doc. # 52). The motion has been fully briefed and was under submission, without oral argument, as of April 10, 2006. (Docs. # 6, 15, 41, 50).

Defendant/Counterclaim Plaintiff COSS's motion seeks judgment in its favor on Plaintiff/Counterclaim Defendant Protective Life Insurance Company's ("Protective") fifty-first affirmative defense, which alleges that Alabama's qualification statutes, Ala. Code §§ 10-28-15.01 and 15.02,[1] void the agreement between COSS and Protective because COSS was not properly registered to do business in Alabama. COSS argues that it conducted interstate business, not intrastate business within Alabama, and thus "the Commerce Clause of the United States

---

[1] Section 10-2B-15.01 provides: "A foreign corporation may not transact business in this state until it obtains a certificate of authority from the Secretary of State." Ala. Code §§ 10-28-15.01. Section 10-2B-15.02 provides: "All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void." Ala. Code §§ 10-28-15.02. The parties do not dispute that Ala. Code §§ 10-28-15.01 and 15.02 constitute "substantive" state law that must be applied by federal courts in diversity cases. *Aim Leasing Corp. v. Helicopter Medical Evaluation, Inc.*, 687 F.2d 354, 357 (11th Cir. 1982)

Constitution prohibits this Court from applying Alabama's "door-closing" statutes to void the agreement between COSS and Protective." (Doc. #53, at 15). Having considered the briefs and evidentiary submissions, the court finds that COSS's motion for summary judgment is due to be denied.

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R .Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In determining whether Alabama's non-qualification statutes apply, courts employ a two-step analysis: "(1) is the foreign corporation doing business in Alabama, and (2) if so, does the application of Alabama law under the circumstances of the case before us impede interstate commerce in violation of the commerce clause of the Constitution." *Aim Leasing Corp. v. Helicopter Med. Evacuation, Inc.,* 687 F.2d 354, 357 (11th Cir. 1982).[2] "[U]nder Alabama law, contracts made by foreign corporations outside Alabama involving substantial business within Alabama are void when such corporations have failed to qualify to do business in Alabama." *Shook & Fletcher Insulation Co. v. Panel Systems, Inc.*, 784 F.2d 1566, 1570 (11th Cir.1986) (citing

---

[2] It is well-settled that Alabama's non-qualification provisions apply only to foreign corporations conducting intrastate activities. *See, e.g., Johnson v. MPL Leasing Corp.*, 441 So. 2d 904, 905 (Ala. 1983). "When the activities of a foreign corporation are *interstate* in nature, then its doing business here [in Alabama] is protected by the Commerce Clause of the United States Constitution, and Alabama's nonqualifying laws, which otherwise might interfere or prohibit the business, are inapplicable." *SGB Constr. Servs., Inc. v. Ray Sumlin Constr. Co.*, 644 So. 2d 892, 894 (Ala. 1994) (emphasis added).

*Calvert Iron Works, Inc. v. Algernon Blair, Inc.*, 227 So.2d 424 (Ala. 1969)). Thus, this court's inquiry must focus "on the permanence and scope of the relationships between the foreign corporation and the forum state," as well as "whether the intrastate transaction is an essential element of an interstate transaction." *S&H Contractors, Inc. v. A.J. Taft Coal Comp., Inc.*, 906 F.2d 1507, 1509-1511 (11th Cir. 1990) (citations omitted).

The determination of whether a corporation is doing business in Alabama is a mixed question of law and fact such that "the facts of each case are quite important in determining whether or not a sufficient nexus exists for finding that the nonresident corporation is doing business within the state." *Foxco Indust., Ltd., v. Fabric World, Inc.*, 595 F.2d 976, 980 (5th Cir. 1979). In this case, there is no dispute that COSS employees have periodically traveled to Alabama to discuss creating and modifying software programs for Protective Life. (Lundsten Aff. ¶¶ 4, 8, 14, 16, 18). Moreover, although COSS contends that it developed and updated the Licensed Program solely outside of Alabama, the Rule 56 record contains evidence that several COSS employees have performed design and development work in Alabama on COSS's software applications. (Rogers Depo. at 33-36; Ruggieri Aff at ¶¶ 3-5; Kohler Aff at ¶ 6; Zingsheim Aff. at ¶ 5; Zingsheim Depo. at 116-117, 120-122, 128-129, 132-134, 154-158). Thus, when this court resolves all factual disputes and justifiable inferences in favor of Protective, the court finds that Protective has adduced sufficient evidence to create questions of fact for the jury on the issue of whether COSS was "doing substantial [Alabama] business" such that qualification was necessary. *Shook & Fletcher*, 784 F.2d at 1568 (noting that the federal district court for the Northern District of Alabama (Pointer, J.) allowed the jury to determine whether the foreign corporation was "doing substantial [Alabama] business" such that qualification was necessary).

Therefore, having determined that genuine issues of material fact preclude summary judgment, COSS's motion for summary judgment will be denied. A separate order will be entered.

**DONE** and **ORDERED** this      17th      day of August, 2006.

                                                                          /s/ R. David Proctor
                                                                          **R. DAVID PROCTOR**
                                                                          UNITED STATES DISTRICT JUDGE